# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*June 18, 2024*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Juan Carlos OROZCO and Osbaldo GODINEZ-GODOY | ) ) ) ) ) | Case No. **4:24-mj-267** |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 17, 2024__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. 846 | Conspiracy to Possess with Intent to Distribute crystal methamphetamine (actual), and |
| Title 21, U.S.C., §§ 841(a)(1) and 841(b)(1)(A)(vi) | Possession with Intent to Deliver crystal methamphetamine (actual) |

This criminal complaint is based on these facts:

See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

Juan Rosales, DEA Task Force Office
*Printed name and title*

Sworn to before me and signed by telephone

Date: June 18, 2024

*Judge's signature*

City and state: Houston, Texas

YVONNE Y. HO, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| vs. § § | 4:24-mj-267 |
| JUAN CARLOS OROZCO, and § OSBALDO GODINEZ-GODOY § | |

**Affidavit in Support of Criminal Complaint**

I, Juan Rosales, Jr., being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of a criminal complaint.

2.  I am a Task Force Officer of the Drug Enforcement Administration's HIDTA Task Force. As such, I am empowered under Title 21, United States Code, Section 878, to enforce Title 21 and other criminal laws of the United States, to make arrests and obtain and execute search, seizure and arrest warrants. I have been so employed by the Drug Enforcement Administration as a DEA Task Force Officer since April of 2023. Currently, I am assigned to the DEA Houston Field Division. In connection with my official duties, I investigate criminal violations of Controlled Substances Act. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. In connection with my duties and responsibilities as a law enforcement officer, I have testified in judicial proceedings for violations of laws concerning controlled substances. I have participated in numerous drug trafficking investigations, including investigations that have resulted in felony arrests for violations of Title 21 of the United States Code. I have been involved in various types of

1

electronic surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from controlled substances trafficking.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

## **PROBABLE CAUSE**

4. Based on the facts set forth below, there is probable cause to believe that Juan Carlos OROZCO and Osbaldo GODINEZ-GODOY have committed acts constituting Conspiracy to Possess with Intent to Distribute crystal methamphetamine (actual) in violation of Title 21, United States Code, § 846, and Possession with Intent to Deliver crystal methamphetamine (actual) in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(vi).

5. In March of 2024, DEA agents received information that an unknown male, later identified as Juan Carlos OROZCO, was selling kilogram quantities of crystal methamphetamine in the Houston, Texas area.

6. In June of 2024, a DEA agent acting in an undercover (UC) capacity negotiated the purchase of multiple kilograms of crystal methamphetamine from OROZCO.

7. Prior to the proposed transaction, DEA had established surveillance of a residence known to be occupied by OROZCO, at 20722 La Cote Cir, Spring, Texas. On the evening of June 17, 2024, surveillance observed a vehicle depart from the residence, after which surveillance officers followed the vehicle to 5429 E Mt Houston, Houston,

Texas where they watched as OROZCO exited the vehicle and met with a male driving a silver 2005 Chevrolet Colorado. That male was later identified as Osbaldo GODINEZ-GODOY. Agents observed OROZCO and GODINEZ-GODOY walk to the rear of the silver Chevrolet Colorado and retrieve a medium sized box from the truck bed, placing it in the backseat of OROZCO's vehicle. Immediately after doing this OROZCO contacted the UC and arranged a meeting for the UC to verify the quality of the kilograms of crystal methamphetamine in the back of his vehicle. Within a few minutes the UC arrived on scene, met with OROZCO, greeted GODINEZ-GODOY and requested to see the kilograms of suspected crystal methamphetamine. OROZCO pointed to the back left passenger door and opened it allowing the UC to access a medium cardboard box that was partially open.

8. GODINEZ-GODOY told the UC that he had personally placed the kilograms in the box and that there should be 25 kilograms in the box. However, GODINEZ-GODOY also stated that he did not know exactly how many kilograms were in the box due to a combination of different sized packaging but advised there was one package that was partially open so that the UC could verify the quality of the product.

9. The UC verified one of the packages contained a clear rock like substance immediately recognizable from previous training and experience as crystal methamphetamine and gave a pre-determined arrest signal.

10. Uniformed officers converged on the site of the drug transaction, with members of DEA Houston HIDTA. Both OROZCO and GODINEZ-GODOY were taken into custody.

11. It was determined that the box contained 35 packages of suspected crystal methamphetamine, with a gross weight of approximately 33 kilograms.

12. After first being advised of his Miranda rights, GODINEZ-GODOY gave an audio recorded confession, stating that he was to receive payment for delivering the crystal methamphetamine.

13. The crystal methamphetamine seized on June 17, 2024 will be submitted to the DEA South Central Lab for analysis.

14. Based on my training, experience and the aforementioned facts and observations, your affiant believes there is probable cause to believe that Juan Carlos OROZCO and Osbaldo GODINEZ-GODOY, on June 17, 2024, did knowingly, intentionally, and unlawfully conspire to possess and did possess with intent to distribute 33 kilograms or more of crystal methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A)(vi).

_____
Task Force Office Juan Rosales Jr.
Drug Enforcement Administration

Sworn to and subscribed before me by telephone on this ___18 th___ day of June, 2024, And I hereby find probable cause.

_____
YVONNE Y. HO
United States Magistrate Judge